UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALERIE FLORES,<br>Plaintiff,<br>-against-<br>DAVID M. FLORES,<br>Defendant. | 26-CV-6256 (LTS)<br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who proceeds *pro se*, brings this action under the Court's diversity jurisdiction, 28 U.S.C. § 1332. She sues her child's father, who resides in Arizona, asserting claims against him in connection with child custody matters governed by the Family Courts in Arizona and Wisconsin. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406, to the United States District Court for the District of Arizona.

**DISCUSSION**

Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled. *See* 28 U.S.C. § 1391(c)(1).

Venue of Plaintiff's claims is not proper in this district, under Section 1391(b)(1), based on Defendant's residence because Defendant resides outside this district.

Venue of Plaintiff's claims is also not proper in this district under Section 1391(b)(2) based on the place where the events giving rise to the claims occurred. Plaintiff alleges that her claims arose in Arizona, Wisconsin, Connecticut, and Massachusetts. (ECF 1, at 3.) She references issues with the Arizona Family Court and the Dade County Family Court in Wisconsin. (*Id.*, at 4.) From the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b)(2).

Where a plaintiff files a case in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff alleges that Defendant resides in Arizona and a substantial part of the claims arose in Arizona, which is in the District of Arizona. *See* 28 U.S.C. § 82. Accordingly, venue lies in the United States District Court for the District of Arizona, 28 U.S.C. § 1391(b)(2), and the Court transfers this action to the United States District Court for the District of Arizona, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Arizona. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

This order closes the case in the Southern District of New York.

SO ORDERED.

Dated: July 24, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge